## CLAUDIA EIDSON v. THE STATE.

No. 23724. Delivered June 25, 1947.
Rehearing Denied October 22, 1947.

*Murry J. Howze,* of Monahans, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of driving an automobile while intoxicated upon a public higway and by the court fined $75.00 and sentenced to serve 30 days in jail. She appeals.

There is no statement of facts found in the record and no bills of exception. However, on the hearing of a motion for a new trial, a statement of the facts there proven does appear, and a careful reading thereof shows that appellant had some kind of a quarrel with her husband's brother; that she saw him on the street in the morning of the date set forth in the complaint; that she merely bumped the back end of his car; that later the brother ran his car upon a parking lot, and she ran into him; that some kind of a difficulty arose and some name calling took place. Two officers arrested her and testified that she was drunk. However, she testified that the liquor which they smelled upon her came from some beer that her husband had poured into her hair the night before. She testified that she had drunk no liquor on the morning of the arrest.

All this testimony was offered on the hearing of the motion for a new trial. She had not offered herself as a witness at the trial but merely made an unsworn statement thereat.

The special judge before whom this case was tried made a statement found in the record showing that she declined a jury when offered one to be called; that she declined to ask for subpoenaes for witnesses and desired no attorney, although warned by the judge that she was charged with a serious offense in which a conviction could carry a severe fine and a jail sentence. She did not deny these facts but relies upon not remembering such statement coming from the judge. Her main idea seemed to be that she did not expect to be found guilty.

Under these facts we do not feel justified in setting aside this judgment and especially so under the solemn warning given to her by the trial judge and not denied by her.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

22

BEAUCHAMP, Judge.

We have carefully re-examined the record in this case, with full consideration given to each complaint raised in the motion for rehearing, and are firmly of the opinion that the record justifies the statements made and the conclusion reached on original submission.

The procedure taken was quite an unusual one which probably grew out of the fact that the appellant declined to have an attorney on her trial and was disappointed when the court imposed the jail sentence. This was his province. She then secured an attorney who has faithfully represented her in a motion for a new trial as well as in this Court, but the record of the case was made when it was tried. Nothing was raised in the motion for a new trial which would have justified the court in granting it.

Few of the complaints raised on appeal are properly before this Court for consideration. They were considered and fairly discussed in the original opinion and the motion for rehearing is overruled.